(14 Misc. Rep. 95.)

SIMONSON v. WALLER et al.

(Supreme Court, Special Term, New York County. September, 1895.)

1. WILLS—CONSTRUCTION—INTESTACY AFTER LIFE ESTATE.
    A will directed that the residue of testator's estate be invested in trust for all his "children, or any child, who, being sons or a son, shall attain the age of 21 years, or a daughter who shall attain that age or marry"; that the portion of his daughter, A., who was his only child, be held in trust for, and the income paid to, her during her life, and that after her death the trustees should hold the same, and the income thereof, in trust for all of her children living at her decease, but that, if, at testator's death, there shall be no child of his living, "who, being a son, shall attain the age of 21 years, or, being a daughter, shall attain that age or marry," then, after such failure of testator's issue, the trustees should hold the trust fund for the same trusts and purposes, and with and subject to the same powers and provisions, as were declared concerning a legacy to testator's sister. *Held,* that the will did not provide for the contingency of the death of testator's daughter, A., after having married or attained the age of 21 years, on the happening of which event there was an intestacy as to the remainder of the trust estate after A.'s life interest, and those who were testator's next of kin at the time of A.'s death were entitled to the property.

2. CONFLICT OF LAWS—DISTRIBUTION OF ESTATE.
    The rule in New York limiting the distribution of decedents' estates within a certain degree of relationship does not apply where a decedent was domiciled in a foreign country, and his property was situated there. but in such case the estate will be distributed according to the laws of decedent's domicile.

Action by William Hyde Simonson, as trustee, against George A. Waller and others to obtain a construction of the will of James Shaw Taylor, deceased.

Sidney H. Stuart, for plaintiff.
Theodore N. Melvin, for defendants Waller.
Black & King, for defendants Lord.
Butler, Stillman & Hubbard, for defendant Atkinson.

STOVER, J.   James Shaw Taylor died June 9, 1862, being at the time a resident of and domiciled in the kingdom of Great Britain.   He left a last will and testament, dated November 5, 1861, which was duly proven in the court of probate in England, and the same is filed and recorded in the surrogate's office in the city and county of New York.   The original trustees—some of them, at least—never qualified, and the plaintiff was duly appointed trustee under said will.   The said James Shaw Taylor left, him surviving, Amelia Hannah Taylor, mentioned in said will, at the time of his death an infant and unmarried, and no other child or children, or descendants of such.   Three sisters of the testator, Lavina Waller, Sarah Taylor, and Mary Lord, also survived the testator. By the will, provision was made for an annuity of £1,200 to his wife during her life, and for an annuity of £100 to his mother-in-law during her life.   A specific legacy of £2,000 was given to his daughter, Amelia Hannah, if and when she should attain the age of 21 years, or previously marry.   He also gave to his trustees two several

legacies of £2,000,—one to be held in trust, and the income to be paid to his sister Sarah; the other to be held in trust, and the income to be paid to his sister Lavina Waller, during her life. There were other specific legacies which are not necessary to be noticed in the discussion of this case.    His trustees were directed to sell, convey, and turn into money all his estate; and he further directed that the residue and the interest and income of his estate be invested, in trust, for "all my children, or any child, who, being sons or a son, shall attain the age of 21 years, or a daughter, shall attain that age or marry." The portion of his daughter, Amelia Hannah, who, as he declared, was his then only child, was to be held in trust, the trustees to pay the income to her during her life, and after her death to hold the same, and the income thereof, in trust for all of her children living at her decease, and for the issue then living of any other child or children who shall then be dead; "all such children, objects of this present trust, to take in equal shares, as tenants in common," etc.    And, further:

"But if there shall be no child of mine living at my decease, who, being a son, shall attain the age of 21 years, or, being a daughter, shall attain that age, or marry, then from and after my decease, and such default or failure of my issue as lastly aforesaid, the trustee or trustees for the time being of this, my will, shall hold all the said trust moneys, and the investments for the time being representing the same, and the interest and annual income thereof, or so much thereof respectively as shall not have been applied or become vested, under any of the directions, trusts, or provisions of this· my will, upon and for such and the same trusts and purposes, and with and subject to such and the same powers and provisions, in all respects as hereinbefore declared and contained of, and concerning the legacy of 2,000 pounds hereinbefore bequeathed upon trust for the benefit of my said sister Lavina Waller, and such her children or child as aforesaid," etc.

The provision as to the bequest to Lavina Waller is as above stated, viz. "from and after the decease of said Lavina Waller, the trustees are to hold the same legacy and investments for the time being, representing the same, and the interest and income thereof, in trust for all the children or any child of my said sister, who, being sons or son, shall attain the age of 21 years, or, being daughters or daughter, shall attain that age or marry, and, if more than one, in equal shares."

Lavina Waller, a sister of the testator, died in August, 1885, leaving, her surviving, certain of the defendants herein, her only children, all of whom are over the age of 21 years, and residents of and domiciled in the city of New York, and no descendants of a deceased child.    Amelia Hannah Taylor, the daughter and only child of the said testator, attained the age of 21 years, and on October 22, 1868, was married to the defendant Joseph Beauman Atkinson.    There was never any issue of the said Amelia Hannah Taylor, who died on February 11, 1882, leaving, her surviving, her husband, the said Atkinson.    Sarah Taylor, a sister of the testator, died before the commencement of this action, without any issue.    Mary Lord, a sister of said James Shaw Taylor, died before the commencement of this action, leaving. her surviving, certain children, defendants herein, and grandchildren, also defendants in this action.    Amelia Hannah Taylor Atkinson left a last will

and testament, whereby she gave all of her estate and property to her husband, and constituted him sole executor of her will.

It is claimed on behalf of the defendant Atkinson, the husband of Amelia Hannah Taylor, that, by the death of his wife after attaining the age of 21 years, the whole residuary estate passed to Amelia Hannah, her heirs, executor, etc., with full power of disposal, and that, by the law of marriage and under the will, all of the estate became vested in him. On behalf of the Waller heirs, it is claimed that Amelia Hannah Taylor took but a life estate, and that it was the intention of the testator that the residuary estate should go, upon failure of issue in Amelia Hannah, to the children of Lavina Waller, under the provisions of the will. The descendants of Mary Lord claim that the interest of Amelia Hannah Taylor was that of a life tenant, and that there was an intestacy, upon the death of Amelia Hannah, as to that portion of the estate which was held in trust for her and her children. There is no dispute as to the facts, and the testimony taken upon the trial was purely formal. The will itself is quite minute in its disposition of the estate, the provisions being drawn with great particularity, and technical language used, explicitly covering each contingency provided for by the will. There is no express provision in case of the death of Amelia Hannah after attaining the age of 21 years, or marrying, but it will be noticed that the language of the testator is:

"If there shall be no child of mine living at my decease, who, being a son, shall attain the age of 21 years, or, being a daughter, shall attain that age, or marry, then from and after my decease, and such default or failure of my issue, as lastly aforesaid, the trustee or trustees for the time being of this my will, shall hold all the said trust moneys, * * * upon the same trusts and purposes, and with and subject to such and the same powers and provisions, in all respects as hereinbefore declared and contained of, and concerning the legacy of 2,000 pounds hereinbefore bequeathed upon trust for the benefit of my said sister Lavina Waller."

Amelia Hannah was living at the decease of the testator. She attained the age of 21 years, and married. So that the contingency upon which the trust in favor of the children of Lavina Waller was established never occurred. But it is contended, on behalf of the heirs of Lavina Waller, that intestacy as to this is to be prevented, and that the intention of the testator was that, upon failure of issue in Amelia Hannah, his estate should go to the children of Lavina Waller. I do not think that this contention can be upheld. The testator has explicitly limited the interest of Amelia Hannah to a life estate, by express words placing it beyond her power to affect the same in anticipation, and by carefully worded provisions limited her interest to the use and enjoyment of the income during her life. The testator may have anticipated that other children would be born after the making of the will, and would survive him. He may have intended, in that event, and the failure of issue in Amelia Hannah, that they should be the beneficiaries of his estate. That he did intend that the issue and descendants of Amelia Hannah should enjoy the estate after his death is clear, and is clearly expressed within the instrument. If any other disposition was intended, it is fair and reasonable to assume that the testator would

as carefully have provided for that contingency. He has antici-
pated that Amelia Hannah might marry, and while carefully pre-
venting her use of the principal of the estate, limiting her entirely
to the enjoyment of the income of it, he has failed to provide for
any investiture of his estate, or any portion of it, in the husband
who might survive Amelia Hannah. He has anticipated that La-
vina Waller might survive him, and that the trust made for her
benefit might be terminated in the lifetime of Amelia Hannah, and,
as to that particular legacy, he has provided that, after the decease
of Lavina Waller, the legacy should be held for the benefit of her
children. But, with all of the particularity and attention to de-
tail, he has not provided for the contingency which has actually
happened, viz. the decease of Amelia Hannah without issue, after
attaining the age of 21 years and marrying. What disposition the
testator might have intended to make is not known. It is not
important to discuss what he might have done under the circum-
stances. His intention is to be gathered from the instrument it-
self. He has not provided for a contingency which has actually
happened. Whether it was pointed out to him that there would
be an intestacy upon the happening of the contingency which has
actually occurred does not appear, but, as has been stated in an-
other case, if his attention had been called to his failure to provide
for such contingency, he might have made such provision as he de-
sired; but, having made no provision, it must be presumed that he
intended to leave that contingency to be dealt with when it might
arise.

It appearing, then, that there is an intestacy as to this portion
of the trust estate, who is entitled to succeed to it? Amelia Han-
nah, at the decease of the testator, was his only heir and next of
kin entitled to succeed to his estate. Were the provisions of the
will such as to vest in her the entire estate, and then limit it in cer-
tain contingencies, it might be said that the investiture took place
upon the decease of the testator, and that, while the enjoyment of
the estate was postponed, yet the investing took place, and the rights
of the parties became fixed, at the death of the testator. This, un-
der a well-known rule of interpretation, that words of survivorship
and gifts over on the death of the primary beneficiary are to be con-
strued as referring to the survivorship at the death of the testator,
unless a contrary intent appears. But I do not think the will un-
der consideration is susceptible of such construction, for the reason
that it is evident from the will itself that the testator divested his
heirs and next of kin of all estate or rights which, but for the will,
they might have had. The estate is conveyed to trustees. There
is an express limitation upon the power of any of the beneficiaries,
each of whom might be, under certain contingencies, his surviving
next of kin, and the remaining estate left to be disposed of by his
trustees. So that there is no such joinder of the legal and equita-
ble estate as could be said to work an investiture, nor was there
such right to the use and enjoyment of it as, coupled with a power
of disposition, could be said to have conferred a vested right to the
residuary estate. So that Amelia Hannah took no title whatever

to the estate, nor could there be any possible investiture in her during her life; but the entire estate was given to the trustees, and the trust was to continue during the life of Amelia Hannah, and no title or interest in the principal of the estate at any time vested or could vest in her. It is clear that the testator intended that his daughter should have no share of the principal of the estate, and, necessarily, that she should not have the power of disposition, but that her entire interest therein was limited to the right to receive from the trustees the income during her life. It seems to me to be illogical to construe this instrument so that, despite the intention of the testator as above expressed, the daughter should have the right to dispose of the estate by will; for, if such had been the intention of the testator, who had provided with so great particularity for contingencies, he would, undoubtedly, have inserted a power of appointment. Howland v. Clendenin, 134 N. Y. 305, 31 N. E. 977, and cases cited. And I apprehend the rule to be correctly stated in this form: That where the instrument creates an estate in the beneficiary, but thereafter limits it, or qualifies it as to the mode of enjoyment, in case of a particular contingency, upon the failure of the contingency, the gift becomes absolute. And the reason is clear. But where there is an entire failure to vest an estate, as in this case, where the entire estate is vested in another direction, one class taking upon the happening of one contingency, and upon the happening of another contingency the estate going to another class, it would seem that there is not sufficient certainty to create a vested estate, either present or contingent, in the estate of such beneficiaries, in the subject of the testamentary disposition.

Amelia Hannah, then, having no interest, dying without issue, the estate, under the ruling in Savage v. Burnham, 17 N. Y. 562, should go to the next of kin of the testator, surviving at the time. As we have seen, the entire legal estate was in the trustees until a lapse occurred. As was held in the case of Savage v. Burnham:

"The equitable interests were all in abeyance until they should become vested according to the will, or until they should lapse and go in a course of descent or distribution. The devolution, therefore, of the share of Thomas, upon the next of kin of the testator, must be deemed to have taken place at the time the share lapsed, and not at the testator's death. This avoids the incongruity, which has been suggested, of Thomas taking, as one of the testator's next of kin, a portion of a share lapsed by his own death."

Thomas, in the case of Savage v. Burnham, was a son of the testator, whose share became payable to him on his attaining the age of 21 years. He died before attaining this age, intestate, unmarried, and without issue. It was held that his share never vested, and lapsed into the residuary estate.

The language of the testator in disposing of the remainder of his estate is such that he says, substantially, "It is my intention that my daughter, Amelia Hannah, shall only have the right to receive from the trustees the use and income thereof so long as she lives; and I do not intend that she shall, in any event, share in my estate to an extent beyond such right, and, unless she has issue surviving her, I do not intend that she or her heirs shall any

longer have the estate." He has, therefore, directed that "from and after her decease the trustees shall hold the same portion, and the interest and income thereof, in trust for all her children living at her decease, and for the issue then living of any other child or children who shall then be dead, all such children and issue objects of this present trust, as tenants in common"; thereby excluding, in any event, his daughter, Amelia Hannah. But as to the other contingent beneficiaries under his will, no such limitation is expressed, and had any other child, son or daughter, survived him, the express limitation upon the disposition of his or her share of the estate would not apply. So that it must be said that it was the intention of the testator that Amelia Hannah should, in no event, share in his estate beyond the right to receive the income of the trust estate; and, under the ruling which would give effect to the intention of the testator, I can see no reason why such intention to exclude should not be given as full effect in disposing of the property of the testator as any other contained in the will. And if a portion of his estate is not disposed of, and as to such portion he has become intestate, it must be said that it must be distributed to the next of kin, his daughter being excluded; the vesting of the residuary estate being postponed, as in Savage v. Burnham, until the time of the lapse of this share, and not taking effect at the testator's death.

But the argument is presented, and urged with a great deal of force, that Amelia Hannah, being the sole and only next of kin of the testator, takes her estate as such, and that it is only subject to be defeated by the contingencies which are provided for by the will. But I think this contention is not consistent, nor can it be made to harmonize, with the other provisions of the will. It is certainly incongruous to say that Amelia Hannah in her lifetime, in the enjoyment of the estate under a will which contains a manifest intention to limit her interest to a life interest, and holding under such instrument during her entire lifetime, never having been actually vested with any other or further estate than that, has, by her death, so enlarged her estate that she may dispose of it by will, and may do what was the manifest intention of the testator to prevent, viz. carry it entirely out of the family of the testator, and exclude his collateral relations from enjoyment of it, or that the event which terminated her interest has created in her a greater estate than she had during her lifetime.

It seems to me that the testator had the right to say that, in any event whatsoever, the estate of Amelia Hannah was to be such as he has limited it to under the will, and that this court ought not to undertake to defeat the manifest intention of the testator, and carry his property where he evidently never intended it should go.

The case of Mayer v. Townsend, 3 Beav. 443, where a somewhat similar question was sought to be presented, cannot be considered an authority against the views above expressed, for the court said: "I apprehend there would be a good deal to say on that point, but it does not arise." In that case there was an absolute gift, with

a limitation afterwards put upon it, and, as has been frequently held in those cases, the nonhappening of the contingency would permit the first absolute gift to stand. But as we have seen before, this is not such a case. This is a case of the granting of an estate to the trustees, with the right in the beneficiary to receive the benefits of the trust only, and the vesting was neither necessary to her enjoyment nor was it given to her, but, upon the contrary, as we have seen, the vesting in her was carefully prevented.

The interest of Amelia Hannah is terminated by her death, and, upon that event, whatever interest she may have had in the estate wholly ceased.

Giving the construction above stated, the remainder was contingent, and, the class and persons who would take being uncertain, the period of distribution would be postponed until the happening of any event which might terminate the trust; and, as it has actually occurred, such event is the death of Amelia Hannah without issue, she being the sole surviving child of the testator.

It is urged that certain children of Mrs. Smith, who was a niece of the testator, are not entitled to share in his estate, under the rule which limits the distribution of estates of personalty to the brothers' and sisters' children; but it will be borne in mind that the estate is to be distributed under the law of the domicile. The testator being a resident of Great Britain, and his property being situated there, his property will be distributed in accordance with the laws of distribution of that country, so long as such law is not contrary to the public policy of this state. The prohibition applies to domestic wills, which are, by their terms, to be executed here. Dammert v. Osborn, 140 N. Y. 30, 35 N. E. 407.

From the views above expressed, it would follow that the entire legal estate was vested in trustees under the will; that Amelia Hannah took no vested interest or estate beyond the right to receive from the trustee the income of the residuary estate during her life; that the estate of the testator is to be distributed among those persons who are the testator's heirs and next of kin, upon the death of Amelia Hannah, and that the estate is held by the trustees for the benefit of such next of kin of the testator as were surviving at the death of Amelia Hannah; that the provision of the statute of New York excluding collateral relatives beyond brothers' and sisters' children does not apply to the collateral relatives of the testator.